**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION**

| | |
|---|---|
| EMILY OGO, individually and as successor in interest to TERRENCE OGO, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LEMOORE; DUSTIN MOSES; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:26-CV-07141-JLT-EPG<br><br>**STIPULATION AND ORDER FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING AND A CONTINUANCE OF THE MANDATORY SCHEDULING CONFERENCE**<br><br>**(ECF No. 7)** |

**I.**

**INTRODUCTION**

Plaintiff Emily Ogo ("Plaintiff") and Defendants City of Lemoore and Dustin Moses ("Defendants"), hereby stipulate to and respectfully request (1) an extension of Defendants' deadline to file a responsive pleading and (2) a continuance of the Court's Mandatory Scheduling Conference ("MSC").

**II.**

**BACKGROUND**

Plaintiff filed her operative complaint on September 4, 2026. (ECF No. 1.) Defendant City of Lemoore ("City") was served with a summons on September 10, 2026. (ECF No. 6.) Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants' responsive pleading was due on October 1, 2026. (Declaration of Alexander Mahoney ("Mahoney Decl."), ¶ 3.) On November 10, 2026, Defendants' third-party claims administrator spoke with Plaintiff's counsel over the phone. (Mahoney Decl., ¶ 4.) During that conversation, Plaintiff's counsel granted the City an informal, open-ended extension of its responsive pleading deadline.

(Mahoney Decl., ¶ 5.) The next day, on November 11, 2026, Defendants retained the undersigned counsel ("Defense Counsel"). (Mahoney Decl., ¶ 6.)

Immediately upon retention, Defense Counsel's office contacted Plaintiff's counsel to clarify Defendants' responsive pleading deadline. (Mahoney Decl., ¶ 7.) Plaintiff's counsel stated that she was willing to stipulate to a three-week extension of the same, as well as to a continuance of the MSC. (Mahoney Decl., ¶ 8.) Defendants are working diligently to prepare and file a responsive pleading. (Mahoney Decl., ¶ 9.)

## III.

## <u>STIPULATION AND REQUEST TO MODIFY</u>

The parties hereby submit this stipulation pursuant to Rules 6(b) and 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 143.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure and the Court's recent MSC order (ECF No. 4.), the current deadlines are as follows:

- Defendants' Responsive Pleading Deadline: October 1, 2026
- Mandatory Scheduling Conference: December 10, 2026

The parties request that these deadlines be modified to reflect the following:

- Defendants' Responsive Pleading Deadline: December 4, 2026
- Mandatory Scheduling Conference: February 2, 2027, or a date convenient to the Court.

### A. Defendants' Request for an Extension of the Responsive Pleading Deadline is Supported by Excusable Neglect

Under Rule 6(b) of the Federal Rules of Civil Procedure, a party may seek an extension of the responsive pleading deadline – even when expired – based upon a showing of excusable neglect. Fed. R. Civ. P. 6(b). A showing of excusable neglect "depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-1224 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Defendants' need for an extension of the responsive pleading deadline arises from circumstances demonstrative of excusable neglect. First, as indicated by this stipulation, Defendants' request has Plaintiff's assent and therefore poses no danger of prejudice. Second, the delay associated with the requested extension is minimal; if granted, approximately 60 days will have elapsed since Defendants' original deadline. Moreover, considering that this case is still in its infancy, the impact of a 60-day delay is insubstantial. Third, as explained above, Defendants' request arises from a belated retention of counsel, who – for purposes of the fourth factor – are working with Plaintiff in good faith to permit time for filing a responsive pleading. (ECF No. 6; Mahoney Decl., ¶¶ 3 – 9.) Under these circumstances, the parties respectfully submit that an extension of Defendants' responsive pleading deadline is warranted under a standard of excusable neglect.

**B. The Parties' Request for a Continuance of the MSC is Supported by Good Cause**

A scheduling order may only be modified upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609.

Here, as mentioned above, Defendants have only recently retained counsel and are working diligently to file a responsive pleading. (Mahoney Decl., ¶¶ 6, 9.) The parties are cognizant, however, of the Court's current MSC order, which would require counsel to confer under Rule 26(f) by no later than November 20, 2026. (ECF No. 4.) Considering that Defense Counsel was retained only 9 days prior to that date, the parties believe that a continuance will be necessary for Defendants to file a responsive pleading and conduct a preliminary assessment of the case. The parties respectfully submit that these circumstances offer good cause for such a continuance.

IT IS SO STIPULATED.

Dated: November 17, 2026

LONGYEAR, LAVRA & CAHILL, LLP

By: *_/s/ Alexander Mahoney_*
VAN LONGYEAR
NICOLE M. CAHILL
ALEXANDER MAHONEY
Attorneys for Defendants,
City of Lemoore and Officer
Dustin Moses

Dated: November 17, 2026

LAW OFFICES OF DALE K. GALIPO

By: *_/s/ Hang D. Le_* [as authorized 11-17-26]
DALE K. GALIPO
HANG D. LE
Attorneys for Plaintiff, Emily Ogo

**ORDER**

Good cause appearing, the parties' stipulated request for an extension of Defendants' responsive pleading deadline and a continuance of the Court's Mandatory Scheduling Conference (ECF No. 4.) is GRANTED.

The relevant deadlines are ordered as follows:

- Defendants' Responsive Pleading Deadline: December 4, 2026
- Mandatory Scheduling Conference: February 8, 2027, at 10:00 a.m.

IT IS SO ORDERED.

Dated: **November 19, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE